IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**UNITED STATES OF AMERICA**                                                                 **PLAINTIFF**

v.                          CASE NO. 4:18-CR-00196-BSM

**TERRY HARMON**                                                                                  **DEFENDANT**

## ORDER

Terry Harmon's motion for sentence modification [Doc. No. 55] is denied. Harmon's motion to appoint counsel [Doc. No. 56] is denied because there is no right to counsel in section 3582 proceedings. *United States v. Knight*, 2020 WL 4193996, at *1 (D.N.D. July 21, 2020) (citing *United States v. Brown*, 565 F.3d 1093, 1094 (8th Cir. 2009)).

Harmon pleaded guilty to distribution of child pornography. Doc. No. 38. He was sentenced to 96 months of imprisonment and five years of supervised release. Doc. No. 53. He moves for compassionate early release, pursuant to 18 U.S.C. section 3582(c)(1)(A), which requires consideration of 18 U.S.C. section 3553 sentencing factors.

Harmon argues that he qualifies for compassionate release because his age and underlying medical conditions greatly increase his likelihood of suffering severe complications from COVID-19. Harmon also argues that caring for his aging mother is an "extraordinary and compelling" reason that warrants compassionate release. 18 U.S.C. § 3582(c)(1)(A)(i). Harmon points out that he has participated in various programs while incarcerated and that he would have a stable living arrangement if he were granted compassionate release. He states that he is not serving a mandatory-minimum sentence and

that he seeks reconciliation for distributing child pornography.

In response, the government argues that Harmon is ineligible for a sentence reduction because he is a danger to the community. U.S.S.G. § 1B1.13. This is true because he is serving a prison sentence for distribution of child pornography and has drug convictions spanning more than forty years. Moreover, although Harmon's age and hypertension are COVID-19 risk factors, nothing in the record indicates that he is suffering from physical or mental deterioration; and general concerns about coronavirus exposure do not satisfy the "extraordinary and compelling" requirement of section 3582.

Harmon's request is denied because he is a danger to society and, other than the issue of caring for an aging parent, there is no reason to revisit the Section 3553(a) factors that were considered at the time of sentencing. *See, e.g.*, *United States v. Ram*, 2020 WL 3100837, at *3 (E.D. Ark. June 11, 2020).

IT IS SO ORDERED this 13th day of October, 2020.

_____
UNITED STATES DISTRICT JUDGE